## In re BONDS DISTRIBUTING COMPANY, INC., Debtor.

### Donald R. Bonds and Bonds, Inc., Appellants,

v.

### Bruce Magers, Trustee in Bankruptcy for Bonds Distributing Company, Inc., Appellee.

Bankruptcy No. B–97–52130C–7W.

No. CIV.1:04CV00611.

United States District Court, M.D. North Carolina.

Dec. 29, 2004.

Richard S. Gordon, Dozier, Miller, Pollard & Murphy, Charlotte, NC, for Debtor.

Daniel C. Bruton, Bell, Davis & Pitt, P.A., Winston–Salem, NC, for Appellee.

## ORDER

BULLOCK, District Judge.

The appellants, Donald R. Bonds and Bonds, Inc., appeal an order of the bankruptcy court entered on April 29, 2004, denying their motion to treat the sum of $24,009.00 as "fees and charges assessed against the estate" and thus entitled to first priority for purposes of distribution of property of the estate under Section § 507(a)(1) of the Bankruptcy Code. Because the bankruptcy court correctly found that the $24,009.00 sum had not been specifically assessed or taxed as costs by the district court, the ruling of the bankruptcy court will be affirmed. Such affirmance, however, does not mean that further inquiry is foreclosed.

As has been their wont throughout these proceedings, the Appellants, rather than give the lower court an opportunity to rule on an issue or supplement its prior rulings, immediately appealed.[1] A more expedi-

1. The original judgment in the underlying case, entered July 13, 2001, allowed the Trustee to recover the sums of $122,186.24 and $1,400,000.00 from Donald R. Bonds and Bonds, Inc. Although the Trustee was clearly the prevailing party, the court did not assess costs against Bonds and Bonds, Inc. After remand by the court of appeals, this court entered an amended judgment on February 13, 2003, limiting the recovery by the Trustee to $122,186.24. The portion of the order regarding costs was not changed. Although Bonds and Bonds, Inc., filed motions for an award of costs and to discharge the "supersedeas bond" on January 9, 2003, and January 15, 2003 (not December 16, 2002, as cited by the court of appeals), the clerk did not specifically rule on the motions, apparently waiting

tious, and perhaps less expensive, method of determining the recoverability of the $24,009.00 would have been either to ask the bankruptcy court to reconsider the issue upon a supplemented record or to seek a stay pending the determination in the district court as to the status of the letter of credit fees which comprise the $24,009.00 at issue.

The record in the district court reveals that on November 27, 2001, the court, upon motion of the Appellants, allowed Appellants to post an irrevocable letter of credit as a substitute for a supersedeas bond upon appeal and stayed execution for enforcement of the judgment pending appeal. On November 14, 2003, the court entered a third amended judgment allowing the Appellants to recover "their costs as provided by law including the premiums paid for a supersedeas bond or other bond to preserve their rights pending appeal as provided by Rule 39(e), Federal Rules of Appellate Procedure," from the Trustee. The district court made no finding that the attorney's fees, appraisal fees, and other charges comprising the $24,009.00 at issue in this case were equivalent to premiums paid for a supersedeas bond. This court has had no opportunity to consider the nature of the charges making up the $24,009.00 total, nor has the Trustee had an opportunity to state his position concerning the assessment of all or any of these charges.

In view of the procedural posture of this matter, it appears to be appropriate to allow the Appellants to file a motion in the underlying case in this court, if they wish, seeking the approval of any or all of the fees and charges related to the letter of credit as the equivalent of a supersedeas bond premium and taxable as costs in the district court pursuant to Rule 39(e), Federal Rules of Appellate Procedure. After the Trustee has had an opportunity to state his position, if he wishes, the court will issue an appropriate ruling. If the court finds that any or all of the fees and charges are appropriately assessed as costs against the Trustee, Appellants can then move in the bankruptcy court to have any such amounts accorded first priority under Section 507(a)(1) of the Bankruptcy Code.

NOW, THEREFORE, IT IS ORDERED that Donald R. Bonds and Bonds, Inc., may, if they wish, within twenty (20) days of the date of this order, file a motion in this court for the assessment by this court of any or all of the fees and charges for the letter of credit as costs to be taxed against the Trustee pursuant to Rule 39(e), Federal Rules of Appellate Procedure. IT IS FURTHER ORDERED that the Trustee may, if he wishes, file a response to any motion by the Appellants within twenty (20) days thereafter. Any motion or response filed by the parties shall be accompanied by a brief.

for any response by the Trustee, and the court inadvertently did not consider that the costs issue was outstanding when entering its amended judgment. Even so, the effect of the amended judgment did not result in Bonds and Bonds, Inc., prevailing on both claims considered by the district court.

Instead of asking this court to consider their motion for costs, and allowing the court enough time to rule on the motion to discharge the bond, Bonds and Bonds, Inc., im-

mediately appealed, and persuaded the court of appeals (the Trustee made no appearance nor filed a brief) that the district court considered and rejected their motion for costs, and refused to order the discharge of the bond. On remand, the district court in its discretion entered a third amended judgment on November 14, 2003, entirely favorable to Bonds and Bonds, Inc., as to costs, including premiums paid for a supersedeas bond.

IT IS FURTHER ORDERED that the order of the bankruptcy court, entered April 29, 2004, is **AFFIRMED**.